IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DEMETRE DURHAM, | ) | CIVIL NO. 23-00244 MWJS-WRP |
| Plaintiff, | ) ) ) | ORDER GRANTING IN PART |
| vs. | ) ) | AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S |
| NATIONAL CREDIT ADJUSTERS, LLC, | ) ) ) | SUPPLEMENTAL DISCLOSURES |
| Defendants. | ) ) ) ) | |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL DISCLOSURES

Before the Court is Defendant's Motion to Strike Plaintiff's Supplemental Disclosures, filed on November 5, 2024 (Motion), ECF No. 57. Plaintiff filed his Opposition to the Motion on November 21, 2024, ECF No. 64. Defendant filed its Reply on December 6, 2024, ECF No. 65. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. After careful consideration of the briefing and the relevant legal authority, the Court GRANTS IN PART and DENIES IN PART the Motion as detailed below.

## DISCUSSION

Under Rule 26(a), parties are required to make initial disclosures that include, among other things, a computation of each category of damages claimed by that party and must produce all materials upon which each computation is based including material bearing on the nature and extent of the injuries suffered.  See Fed. R. Civ. P. 26(a)(1)(A)(iii).  Further, under Rule 26(e)(1)(A), a party must supplement or correct its disclosures or discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).  Additionally, a party must disclose to the other parties the identity of their expert witnesses and a written report of their opinions.  See Fed. R. Civ. P. 26(a)(2)(A), (B).  "A party must make these disclosures at the times and in the sequence that the court orders." Fed R. Civ. P. 26(a)(2)(D).

Under Rule 37(c)(1), if a party fails to provide initial disclosures or expert witness disclosures,

> the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

>   (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
>   (B) may inform the jury of the party's failure; and
>
>   (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). In determining whether a party's failure to provide initial disclosures or expert witness disclosures is substantially justified or harmless, the Court should consider "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." Silvagni v. Wal-Mart Stores, Inc., 320 F.R.D. 237, 242 (D. Nev. 2017).

Here, Plaintiff served his Initial Disclosures on Defendant on August 25, 2023. See Cert. of Service, ECF No. 23. Plaintiff's Initial Disclosures included a computation for statutory damages and attorney's fees and included a statement that "Plaintiff was unaware of any court cases that require counsel to come up with any specific amount as general damages when they are indeterminate and for a jury to decide." See Pl.'s Initial Disclosures, Ex. A to Mot., ECF No. 57-3 at 4-7. The deadline for Plaintiff's expert disclosures closed on May 28, 2024. See Rule 16 Scheduling Order, ECF No. 27, ¶ 3(a). Plaintiff did not make any expert disclosures by May 28, 2024. See Mot., ECF No. 57-1, at 2. On September 3, 2024, the Court approved the parties' stipulation to continue the discovery

deadline to October 7, 2024, and to continue the deadline to file dispositive motions to October 7, 2024.  See Stip., ECF No. 40, at 4.  The stipulation did not reopen the parties' expert disclosure deadlines.  See id. at 3 (noting that these deadlines were "CLOSED").  The parties filed motions for summary judgment on October 7, 2024.  See Def.'s Mot. for Sum. J., ECF No. 45; Pl.'s Mot. for Partial Sum. J., ECF No. 47.  On that same day, Plaintiff served Amended Initial Disclosures, more than a year after his Initial Disclosures were served.  See Pl.'s Am. Initial Disclosures, Ex. B to Mot., ECF No. 57-4.

    In his Amended Initial Disclosures, Plaintiff included as a witness Douglas A. Hollon of Credit Experts of North Texas LLC, who Plaintiff states "has lay and/or expert knowledge of Plaintiff's Experian consumer file as well as relevant credit reporting data, process, policies and procedures regarding reporting information, significance, scoring, consumer assistance, investigations, industry and business standards, effects, and notice."  Pl.'s Am. Initial Disclosures, Ex. B to Mot., ECF No. 57-4, at 3-4.  Plaintiff did not produce or disclose any expert report from Mr. Hollon under Rule 26(a)(2).  See Mot., ECF No. 57-1, at 5-6.  Additionally, in his Amended Initial Disclosures, Plaintiff included computations of damages for statutory damages and attorney's fees, and the same statement that "Plaintiff was unaware of any court cases that require counsel to come up with any specific amount as general damages when they are indeterminate and for a jury to

4

decide." See Pl.'s Am. Initial Disclosures, Ex. B to Mot., ECF No. 57-4, at 8-11. In addition, Plaintiff included a list of "Categories and types of Actual Damages existing in FCRA Actions" and a list of cases "involving consumer credit issues and damages for emotional distress, embarrassment and humiliation." Id. at 12-17. Further, Plaintiff included a statement that "[a]s stated in his Complaint . . . , Plaintiff seeks punitive damages," and that such damages will be proven through Plaintiff's testimony and the testimony of his witnesses and of Defendant's employees. Id. at 17. Plaintiff then lists court cases that involved an award of punitive damages. See id. at 17-20.

On November 12, 2024, the district court set the hearing on the parties' pending motions for summary judgment for February 13, 2025. See Notice of Hearing, ECF No. 60. In light of that hearing date, the district court vacated the February 3, 2025 trial date and all trial-related deadlines. See id. The Court stated that a new trial date and deadlines would be set after it resolved the pending motions for summary judgment. See id.

In the present Motion, Defendant asks the Court to strike Mr. Hollon as an expert witness because Plaintiff did not properly disclose him as an expert before the discovery and dispositive motions deadlines closed and Mr. Hollon should not be allowed to provide "lay" testimony based on specialized knowledge. See Mot., ECF No. 57-1, at 6-8. Further, Defendant asks the Court to strike

5

Plaintiff's "new" theories of damages included in the Amended Initial Disclosures. See id. at 8-10.  Specifically, Defendant argues that "Plaintiff's [prior] disclosures made no mention of actual damages or punitive damages." Id. at 8.[1]  In Opposition, Plaintiff acknowledges that his disclosure of Mr. Hollon was untimely, but argues that it was "absolutely harmless" because any applicable deadlines can be reopened and continued since the trial date has been vacated.  See Opp., ECF No. 64, at 2-3.

**1. Defendant's Request to Strike Plaintiff's Disclosure of Mr. Hollon as a Witness is GRANTED.**

As noted above, Plaintiff concedes that his disclosure of Mr. Hollon was untimely.  Plaintiff's expert disclosure deadline closed on May 28, 2024.  See Rule 16 Scheduling Order, ECF No. 27, ¶ 3(a).  Plaintiff offers no explanation why he failed to disclose Mr. Hollon by the Court's expert disclosure deadline or why Plaintiff could not have sought leave of Court to reopen and extend the expert disclosure deadlines prior to serving his Amended Initial Disclosures.  The Court also rejects Plaintiff's argument that his untimely disclosure is harmless.  The

---

[1] The only two categories of information addressed in Defendant's Motion are Mr. Hollon and damages.  See Mot., ECF No. 51-1, at 5-10.  However, Defendant's Motion also includes a request to strike "the remainder" of Plaintiff's Amended Initial Disclosures.  See id. at 10.  Because Defendant does not support this broad request with any authority or argument, the Court DENIES Defendant's request to strike "the remainder" of Plaintiff's Amended Initial Disclosures.

discovery deadline and dispositive motions deadline have passed.  Although the trial date was vacated because of the hearing date set by the district court for the pending motions for summary judgment, that does not excuse Plaintiff's failure to comply with the Court's deadlines and does not provide justification for reopening pretrial deadlines that have been closed for months.  The Court finds that Defendant would be prejudiced by reopening these deadlines because it would necessarily lead to additional expert discovery, including depositions, another round of summary judgment motions, and a further delay of the trial in this matter.  Plaintiff has not demonstrated that his untimely disclosure of Mr. Hollon as a witness was substantially justified or harmless.  Accordingly, pursuant to Rule 37(c)(1), Plaintiff is not allowed to use Mr. Hollon to provide testimony in support of a motion, at a hearing, or at a trial.

**2. Defendant's Request to Strike Plaintiff's Disclosure of Actual and Punitive Damages is DENIED.**

As detailed above, a party's initial disclosures must include a computation of each category of damages claimed by the disclosing party.  See Fed. R. Civ. P. 26(a)(1)(A)(iii).  "Rule 26 does not elaborate on the level of specificity required in the initial damages disclosure."  City and Cnty. of S.F. v. Tutor–Saliba, 218 F.R.D. 219, 220 (N.D. Cal. 2003).  "A party must make its initial disclosures based on the information then reasonably available to it."  Fed.

R. Civ. P. 26(a)(1)(E).  "A computation of damages may not need to be detailed early in the case before all relevant documents or evidence has been obtained by the plaintiff."  Cardoza v. Bloomin' Brands, Inc., Case No. 2:13-cv-1820-JAD-NJK, 2015 WL 3875916, at *2 (D. Nev. June 22, 2015) (citation omitted).

Based on the information before the Court, the Court finds that Plaintiff's failure to provide the additional damages information until his Amended Initial Disclosures was harmless.  See Fed. R. Civ. P. 37(c)(1).  As noted above, Plaintiff's Initial Disclosures included a computation for statutory damages and attorney's fees and included a statement that "Plaintiff was unaware of any court cases that require counsel to come up with any specific amount as general damages when they are indeterminate and for a jury to decide."  See Pl.'s Initial Disclosures, Ex. A to Mot., ECF No. 57-3 at 4-7.  In his Complaint, Plaintiff stated in his prayer for relief that he was seeking statutory damages, actual damages, attorneys' fees, and punitive damages.  See Compl., ECF No. 1, at 17-19.  Additionally, Plaintiff responded to Defendant's Interrogatories that he had suffered the following actual damages:  "I incurred postage, I was denied credit at USAA, I had to pay for and go to the trouble of making a police report, I lost the opportunity to purchase a set of condos, and I have suffered emotional distress."  See Pl.'s Resp. to Def.'s Interrogs., Ex. E to Pl.'s Opp., ECF No. 64-2, at 3.  Further, Plaintiff reiterated that his damages "are asserted in [the] Complaint [and] were explained during my

8

deposition." Id.; see also Excerpts from Pl.'s Depo, Ex. F to Pl.'s Opp, ECF No. 64-3, at 4 (responding to question about damages by stating "it's been stressful. A lot of sleepless nights worrying about my credit, trying to fix it, stomachaches, caused me to be distanced from my family. . . . I'm angry."). Because actual and punitive damages were specifically requested in Plaintiff's Complaint and described in Plaintiff's discovery responses, Defendant cannot now claim that it is prejudiced or surprised at the additional information regarding those categories of damages included in Plaintiff's Amended Initial Disclosures. See Silvagni, 320 F.R.D. at 242. Therefore, the Court DENIES Defendant's request to strike Plaintiff's inclusion of specifics regarding his actual damages and punitive damages in his Amended Initial Disclosures.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Strike Plaintiff's Supplemental Disclosures, filed on November 5, 2024, ECF No. 57, is GRANTED IN PART and DENIED IN PART. The Court GRANTS Defendant's request to strike Plaintiff's disclosure of Douglas A. Hollon. Pursuant to Rule 37(c)(1), Plaintiff is not allowed to use Mr. Hollon to provide testimony in support of a motion, at a hearing, or at a trial. The Court DENIES Defendant's request to strike Plaintiff's inclusion of specifics regarding his actual damages and punitive damages in his Amended Initial Disclosures.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, DECEMBER 11, 2024.



_____
Wes Reber Porter
United States Magistrate Judge

Durham v. National Credit Adjusters, LLC; CIVIL NO. 23-00244 MWJS-WRP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL DISCLOSURES