JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI  96814
Telephone: (808) 377-6778
Email:  justinbrackettlaw@gmail.com

Duran L. Keller (Admitted *Pro Hac Vice*)
8 N Third Street, Suite 403
Lafayette, IN 47901-1264
Email: duran@kellerlawllp.com

*Attorneys for Plaintiff*
Demetre Durham

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEMETRE DURHAM,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT ADJUSTERS, LLC,<br><br>Defendant. | CIVIL NO. 1:23-cv-00244-MWJS-WRP<br><br>PLAINTIFF DEMETRE DURHAM'S SUPPLEMENT TO HIS MOTION FOR PARTIAL SUMMARY JUDGMENT; CERTIFICATE OF SERVICE<br><br>Judge: Hon. Micah W. J. Smith<br>Magistrate Judge: Hon. Wes R. Porter |

i

# TABLE OF CONTENTS

                                                                            Page

**TABLE OF AUTHORITIES**………………………..…………………..iii-iv

**PROCEDURAL HISTORY….**………………….…………..………….....1

**ANY VIOLATION OF H.R.S. §443B VIOLATES H.R.S. §480** ……………2

Defendant Violated H.R.S. §443B…………………………………………..….4

**H.R.S. § 480 IS BROADLY APPLIED**…………………………………….……5

Defendant Violated H.R.S. §480 Generally……………………………….….……7

First Evidence of Deception: NCA Knew the Address Was Incorrect…………….8

Second Evidence of Deception: Drivers License Numbers……………..……..10

Damages Are Proven……………………………………………………..12

**CONCLUSION** ……………………………………………………………13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ai v. Frank Huff Agency, Ltd.*, 61 Haw. 607, 607 P.2d 1304, (1980)…………...5-6

*Aldaya v. Encore Cap. Grp., Inc.*, No. CV 15-00284 SOM/RLP, 2017 WL
    1055961 (D. Haw. Mar. 20, 2017)……………………………….…………7

*Courbat v. Dahana Ranch*, 111 Hawaiʻi 254, 141 P.3d 427 (2006)…………….7-8

*Flores v. Rawlings*, 117 Haw. 153, 177 P.3d 341 (2008)…………………………7

*Hall v. Kim*, 53 Haw. 215, 491 P.2d 541 (1971)………………………………….4

*Hungate* v. *Law Office of David B. Rosen*, 2017 WL 747870
    (Haw. Feb. 27, 2017) ………………………………………….…………7

*In re Genesys Data Technologies, Inc.*, 95 Hawaiʻi 33, 18 P.3d 895 (2001)……..3

*Kawakami v. Kahala Hotel Invs., LLC*, 142 Haw. 507, 421 P.3d 1277
    (2018)……………………………………………………………………. .3,4,5

*Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship*, 115 Hawaiʻi 201,
    166 P.3d 961 (2007)…………………………………………………………..4

*Marsland v. Pang*, 5 Haw. App. 463, 701 P.2d 175 (1985)………….................3, 4

*Wiginton v. Pac. Credit Corp.*, 2 Haw. App. 435, 634 P.2d 111
    (1981)……………………………………………………………………7

*Yap v. Wah Yen Ki Tuk Tsen Nin Hue of Honolulu*, 43 Haw. 37 (Haw. Terr.
    1958)……………………………………………………………………….4

*Zanakis-Pico v. Cutter Dodge, Inc.*, 98 Haw. 309 (Haw. 2002)………………6,8

*Zyda v. Four Seasons Hotels & Resorts Four Seasons Holdings Inc.*, No. CV 16-
    00591 LEK, 2018 WL 1528159, at *11 (D. Haw. Mar. 28, 2018)…………..6

**Statutes**

15 U.S.C. § 1692……………………..………………………………………….2

15 U.S.C. § 1692g…………………………………………………………………4

15 U.S.C. § 1692k……………………………………………………………………2

H.R.S. §§ 480……………………………………………………………………...1,3

H.R.S. §480-2……………………………………………………….…1,2,3,5,6

H.R.S. § 480–13……………………………………………………3,6,7,8,14

H.R.S. §443B……………………………………………………………………2,4

H.R.S. §443B-4.55……………………………………………………………..3

HRS § 481B-14…………………………………………………………………..4

H.R.S. §443B-18(2)……………………………………….……………..4,5,14

H.R.S. §443B-18(5)…………………………………………………...………1,2

H.R.S. §443B-20


**Other Authorities**

Hawai'i Rule of Civil Procedure (HRCP) 8(a)(1)……………… ……………….3

Hawaii PATTERN INSTRUCTION NO. 19.4 ………………………………….7-8

Plaintiff appreciates the Court's request for supplemental briefing on the matter of whether the Court's rulings leave any factual matters for a jury to resolve under the state-law claims. ECF 70, p. 45. The short answer is yes, they do. Plaintiff submits this supplemental briefing by the deadline of March 31, 2025 in compliance with the Court's Order. *Id.* at p. 46.

## PROCEDURAL HISTORY

The Court's Order acknowledges that "In his complaint, Durham alleged claims under Hawaii Revised Statutes (HRS) 480 for NCA's unfair methods of competition" and 480-2, for its "unfair or deceptive acts or practices." ECF 70, p. 44 (citing ECF No. 1, at PageID.12-13). Additionally, "[Durham] also brings claims under H.R.S. §443B-18(5) that effectively mirror his FDCPA claims: he alleges that NCA made a "false representation" by communicating to him and the CRAs that he was liable for a debt that he did not actually owe." *Id.* at p. 44-45 (citing ECF No. 1, at PageID.13-14). The Court is correct that these are separate claims: H.R.S. §480-2 generally, and then H.R.S. §443B-18(5) specifically.

Plaintiff's Complaint asserts generally: "74. Mr. Durham, a consumer, brings this action based upon Defendant's unfair or deceptive acts or practices as well as its unfair methods of competition. 75. Mr. Durham has incurred actual damages as a result of Defendant's acts and practices." ECF 1, pp. 12-13. Plaintiff then alleges Defendant violated H.R.S. §443B-18(5), explaining "The acts of

1

Defendant constitute violations of the Hawai'i Revised Statutes. Violations include, but are not limited to, any false representation or implication of the character, extent, or amount of a claim against a debtor or alleged debtor, or of its status in any legal proceeding. Such conduct is a violation of Haw. Rev. Stat. § 443B-18(5)." ECF 1, p. 13.

## ANY VIOLATION OF H.R.S. §443B VIOLATES H.R.S. §480

Hawaii's laws governing debt collection[1] are similar to provisions of the federal Fair Debt Collection Practices Act[2]. Although similar, the FDCPA provides for statutory damages through 15 U.S.C. 1692k whereas Hawaii's statute (H.R.S. §443) is enforced through Hawaii's unfair and/or deceptive acts and practices ("UDAP") statute: H.R.S. §480-2. H.R.S. §443B provides an outline of conduct by debt collectors which can violate H.R.S. §480, but is not all-encompassing. Entities can violate H.R.S. §480 without link to any particular provision of §443B. As explained below, Defendant violated both.

"To recover damages for a violation of the statutory prohibition against unfair or deceptive acts or practices, a consumer must prove (1) either that the defendant violated the statute or that its actions are deemed to violate the statute by another statute, (2) that the consumer was injured as a result of the violation, and

---

[1] H.R.S. §443B
[2] 15 U.S.C. §1692

2

(3) the amount of damages sustained as a result of the statutory violation." *Kawakami v. Kahala Hotel Invs., LLC*, 142 Haw. 507, 421 P.3d 1277 (2018) (citing Haw. Rev. Stat. §§ 480-2(d), 480-13(b)). Any violative act counts.

"Evidence that a collection agency has committed any act which is prohibited by this chapter shall be sufficient to justify the remedies set forth in this chapter, without proof of a general course of conduct." H.R.S. §443B-4.55. "A violation of this chapter by a collection agency <u>shall</u> constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce for the purpose of section 480-2." H.R.S. §443B-20(underline added).

To satisfy Hawaiʻi Rule of Civil Procedure (HRCP) 8(a)(1), "the complaint must contain either direct allegations on every material point necessary to sustain a recovery <u>on any legal theory</u>, even though it may not be the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Marsland v. Pang*, 5 Haw. App. 463, 475, 701 P.2d 175, 186 (1985)(emphasis added, citation omitted); *In re Genesys Data Technologies, Inc.*, 95 Hawaiʻi 33, 41, 18 P.3d 895, 903 (2001)("Hawaii's rules of notice pleading require that a complaint set forth a short and plain statement of the claim that provides defendant with fair notice of what the plaintiff's claim is and the grounds upon which the claim rests."). Defendant was on notice of Plaintiff's claims under H.R.S. 480.

> Accordingly, we hold that the allegations in the plaintiffs' complaint gave the hotel fair notice that the hotel's pattern and practice of violating HRS § 481B-14 was at issue "on any legal theory." *Marsland*, 5 Haw. App. at 475, 701 P.2d at 186; see also *Yap v. Wah Yen Ki Tuk Tsen Nin Hue of Honolulu*, 43 Haw. 37, 39 (Haw. Terr. 1958)("Under our rules, a complaint is good if it contains a short and plain statement of the claim showing that the pleader is entitled to relief. (H.R.C.P., Rule 8 [a][1].) The rules <u>do not require a statement of a cause of action</u>." (emphasis added) ); *Hall v. Kim*, 53 Haw. 215, 221, 491 P.2d 541, 545 (1971)(explaining that it "is not necessary to plead under what particular law the recovery is sought" and emphasizing "the principle that the purpose of pleading is to facilitate a proper decision on the merits." (citations omitted) ). See also *Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship*, 115 Hawai'i 201, 216 n.17, 166 P.3d 961, 976 n.17 (2007)(stating that appellant failed to directly raise the cause of action of fraudulent inducement, but noting that pleadings are liberally construed, and a "liberal reading of Appellant's misrepresentation and nondisclosure claims shows that Appellees should have been on notice of Appellant's fraudulent inducement claims and 'the grounds upon which the claim rests.' " (citation omitted) ).

*Kawakami v. Kahala Hotel Invs., LLC*, 142 Haw. 507, 517–18, 421 P.3d 1277, 1287–88 (2018).

Defendant Violated H.R.S. §443B

The Court has found the jury should determine whether a violation of 15 U.S.C. 1692g occurred. ECF 70, PageID.742 – 743. Similarly, H.R.S. §443B-18(2) requires a debt collector's communications to include specific statutory language:

> (2) The failure to disclose clearly:
> (A) In the initial written and initial oral communication made to collect, or attempt to collect, a claim or to obtain, or attempt to obtain, information about a debtor or alleged debtor that the collection agency is attempting to collect a claim and that any information obtained will be used for that purpose; and

>> (B) <u>In subsequent communications that the communication is from a debt collector;</u> provided that this paragraph shall not apply to a formal pleading made in connection with a legal action.

H.R.S. §443B-18(2)(underline added). "The first element for a UDAP claim is established if the act or practice in question is either proven to be a violation of H.R.S. § 480–2 or deemed to be a violation ("declared unlawful") under H.R.S. § 480–2. H.R.S. § 480–13(a)(noting that any consumer injured by an unfair or deceptive act or practice that is "forbidden or declared unlawful by section 480-2" may "sue for damages sustained by the consumer[.]". *Kawakami v. Kahala Hotel Invs., LLC*, 142 Haw. 507, 519–21, 421 P.3d 1277, 1289–91 (2018).

Defendant's own evidence proves it did not assert it was a debt collector in violation of H.R.S. §443B-18(2) in its February 6, 2023 communication with Mr. Durham. ECF 46-5, PageID.227. In all of the collection calls Defendant refused to provide the statutorily required notice of it being a debt collector until Mr. Durham verified his SSN and DOB, both of which had been compromised. *Id.* at PageID.228-229, PageID.238-239, PageID.244. The jury could, and appropriately should, find Defendant's failure to assert it was a debt collector violates H.R.S. §443B-18(2). Mr. Durham is entitled to relief under Hawaii's UDAP statute.

<u>**H.R.S. § 480 IS BROADLY APPLIED**</u>

The Hawaii Supreme Court has explained that H.R.S. § 480-2 "was constructed in broad language in order to constitute a flexible tool to stop and

5

prevent fraudulent, unfair or deceptive business practices for the protection of both consumers and honest businessmen" *Ai v. Frank Huff Agency, Ltd.*, 61 Haw. 607, 616, 607 P.2d 1304, 1311 (1980). Hawaii's Supreme Court has determined that any act against a consumer found to be deceptive or unfair can be actionable when such an act causes the consumer to act. "Deception being the evil that consumer fraud statutes seek to rectify, regardless of whether actual purchases have resulted, there is no discernible reason why a consumer should be required to actually purchase any goods or services as a precondition to bringing an action, inter alia, for damages that result from injuries caused by false or misleading advertisements. We therefore hold that a consumer who is injured as a result of attempting to purchase goods or services by virtue of an act or practice prohibited by H.R.S. § 480-2 may recover damages under H.R.S. § 480-13. No actual purchase is necessary." *Zanakis-Pico v. Cutter Dodge, Inc.*, 98 Haw. 309, 319 (Haw. 2002).

"[A] consumer could recover damages for 'out-of-pocket expenses for a money order, gasoline, parking, and wear and tear on [an] automobile that resulted from [an] unfair business practice.'" *Zyda v. Four Seasons Hotels & Resorts Four Seasons Holdings Inc.*, No. CV 16-00591 LEK, 2018 WL 1528159, at *11 (D. Haw. Mar. 28, 2018). Here too, Mr. Durham was deceived by Defendant's solicitation, and was induced to act, incurring damages of postage, costs of

6

acquiring a police report, gas, parking, etc… as a result of Defendant's conduct. Chapter 480 does not define the term "injury." *Flores v. Rawlings*, 117 Haw. 153, 167, 177 P.3d 341, 355 (2008). Courts interpreting the term have noted that there is not a "high bar" for proving injury. *Hungate* v. *Law Office of David B. Rosen*, 2017 WL 747870, at *14. In fact, *de minimus* damages are a sufficient injury to support recovery under section 480-13. *See Wiginton v. Pac. Credit Corp.*, 2 Haw. App. 435, 444, 634 P.2d 111, 119 (1981) ("the legislature was aware that damages might be de minimus in a consumer protection action and specifically provided for the $1,000.00 award or triple damages to cover that possibility"). *Aldaya v. Encore Cap. Grp., Inc.*, No. CV 15-00284 SOM/RLP, 2017 WL 1055961, at *10 (D. Haw. Mar. 20, 2017).

<u>Defendant Violated H.R.S. §480 Generally</u>

Mr. Durham was solicited whereby Defendant offered him but two options: (1) to pay a debt he did not owe, or (2) provide a police report or fraud affidavit.[3]

Hawaii PATTERN INSTRUCTION NO. 19.4 provides:

> An act or practice is "deceptive" if it is a material representation, omission, or practice that is likely to mislead consumers acting reasonably under the circumstances. Plaintiff(s) need not show that defendant(s) intended to deceive plaintiff(s) or that plaintiff(s) was/were actually deceived. It is sufficient if the representation, omission, or practice was likely to deceive.

---

[3] *"**AGENT:** We only can ask you to pay it unless you prove to us that it's a fraud, sir. And the way you prove it's a fraud is that you send us an affidavit of fraud, a fraud report." ECF 46-5, PageID.225.

7

> A representation, omission, or practice is "material" if it involves information that is important to consumers and is likely to affect their choice of, or conduct regarding, a product, service, or investment.

Citing *Courbat v. Dahana Ranch*, 111 Hawaiʻi 254, 141 P.3d 427 (2006).

"Thus, the plain language of the statute reflects that the legislature intended not only to protect persons who actually purchased goods or services as a result of unfair or deceptive acts and practices, but also those who attempted or were solicited to do so. It would be most strange if the legislature had sought to protect such persons but failed to provide them with any remedy. Indeed, H.R.S. § 480-13(b) does not qualify or limit the term "consumer" in any way. We therefore construe the term "consumer" as it appears in H.R.S. § 480-13(b) consistently with its definition in H.R.S. § 480-1. Reading H.R.S. § 480-13 only to permit recovery of damages for injuries sustained by means of actual purchases would generate an absurd result." *Zanakis-Pico v. Cutter Dodge, Inc.*, 98 Haw. 309, 316 (Haw. 2002).

<u>First Evidence of Deception: NCA Knew the Address Was Incorrect</u>

Even before Defendant reported the debt on Mr. Durham's credit reports in January 2023, its own records, from its own source of Compumail, showed that Mr. Durham had moved from his residence at Antioch Tennessee in February 2022. NCA Ex. B, ECF 46-2, PageID.203. The loan was not opened until June 30, 2022. ECF 46-3. This Court has ruled: "There is no dispute that NCA sent the initial written notice on November 30, 2022, to an address in Antioch, Tennessee."

8

ECF 70, PageID.739. "NCA's system shows, however, that around the same time it mailed the initial written notice, NCA was informed that Durham's address had changed, apparently as of February 2022." *Id.* "Given that NCA received information about Durham's updated address, it easily and promptly could have mailed a copy of the notice to Durham's new address." *Id.*, PageID.742. Knowing 1) that the loan wasn't opened until June 30, 2022, and 2) Mr. Durham had moved from the address on the application in February 2022, a reasonable jury could find Defendant's conduct of requiring additional evidence from Mr. Durham as deceptive.

Defendant's records prove that Mr. Durham called Defendant on February 3, 2023 and informed its employee that he had been a victim of identity theft and was not living at the Antioch, TN address at the time the loan originated[4]. NCA Ex. E, ECF 46-5, PageID.222-226. Based on Defendant NCA's own internal records it knew Mr. Durham's address had changed as of February 2022, meaning Defendant knew, or had information to support the claims, that as of February 2023 Mr. Durham did not owe the account. Defendant's refusal to stop collection efforts despite this knowledge was a deceptive act.

---

[4] **CALLER:** Well, that's crazy, June the 30th I wasn't even living at 3616…

9

Second Evidence of Deception: Driver's License Numbers

Further, Defendant never checked Mr. Durham's driver's license number against the driver's license used to secure the loan. Such a simple action could have saved Mr. Durham lots of work, time, stress, and the cost of paying for a police report. According to Defendant's representative a driver's license was used as part of the application process when the loan was taken out at Cash Central. ECF 46-5, PageID.223. Mr. Durham immediately told Defendant, in the first communication with them, that it was not his driver's license number. *Id.*[5]

Mr. Durham told Defendant over and over that it wasn't his driver's license number.[6] Did Defendant ask to see Mr. Durham's driver's license? No. *Id.* It would have been so easy for Defendant to do this simple investigation, and quickly prove the truth of the matter, but instead it required Mr. Durham to file a police report, obtain the police report, and provide the police report…steps that were inconvenient and time consuming. Mr. Durham explained this very clearly:

---

[5] **AGENT:** … So according to Cash Central, the account was opened up in June 30th of 2022. . . opened with a Tennessee-looks like a- driver's license number 996265600, email address they gave was dstndrurham88@gmail.com

**CALLER:** Nah, it wasn't see that's not me that's a scam sir.

[6] ECF 46-5, PageID.223, 230, 233, 235, 236, and 240.

> If you would compare the driver's license number to my driver's license number, which you guys don't have, that number is not mine, 996265600. That's a fake. I don't know who that is. I don't know who that is. I don't know who it is, but I know it's not mine. So, Cash Central shouldn't have sent these people this money. They charge 24,000%. This Cash Central piece of payday loans, I don't even borrow money from payday loans.
>
> I got banks, ma'am. I got legitimate banks I go to, just like you do probably. And I know you just work for this company, and you go home in the afternoon to your family, but you guys are dragging my name through the dirt, and I don't like it, and it's got to stop. So now you're asking me to go take my time out, use my gas, go downtown and pull a police report and go through all this other stuff I've got to do with something that I had nothing to do with.
>
> That's not right.

ECF 46-5, PageID.236.

A simple review of Defendant's own records or even Mr. Durham's driver's license would have verified Mr. Durham's dispute was credible. Instead, Defendant ignored its own records, did no investigation other than verifying Mr. Durham's name and SSN from the original creditor's records, and continued its collection efforts and credit reporting unless, and until, Mr. Durham supplied them with a police report or a fraud affidavit.

Defendant required Mr. Durham to submit specific documentation proving he did not owe the debt, explaining it would continue its collection efforts unless, and until, he jumped through Defendant's hoops: "**AGENT:** We only can ask you

11

to pay it unless you prove to us that it's a fraud, sir. And the way you prove it's a fraud is that you send us an affidavit of fraud, a fraud report." *Id.*, PageID.225.

Damages Are Proven

The record shows that just after he first received Defendant's request for a police report on February 3, 2023, Mr. Durham went to the Honolulu Police Department and had a police report created on February 6, 2023. ECF 46-8. He then called multiple times in effort to provide the police report number to Defendant. ECF 46-5. Instead of listening to Mr. Durham's pleas, Defendant required Mr. Durham purchase the police report incurring additional monetary costs of $0.50, incurred postage to send dispute letters, and incurred time, inconvenience, gas, parking, and/or telephone expenses. ECF 46-7, 46-8, and 48-7.

Defendant presents no material evidence to call into question the fact that Mr. Durham did not owe the debt. ECF 48, 48-7. In response, Defendant explained: "NCA lacks sufficient knowledge or information to admit or deny this fact other than admitting Plaintiff has asserted this before." ECF 53, ¶ 17.

H.R.C.P. 56(c) provides: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, <u>must set forth specific facts showing that there is a genuine issue for trial</u>. <u>If the adverse party does not so</u>

respond, summary judgment, if appropriate, shall be entered against the adverse party." (underline added).

Defendant's facts show it failed to inform Plaintiff in the February 6, 2023 call that it was a debt collector. It offers no proof otherwise.

Defendant's own records show that he had already moved from the address provided on the payday loan in February 2022, four months before the loan was allegedly opened on June 30, 2022. Defendant has presented no evidence to refute the fact that Mr. Durham did not owe the debt.

Defendant's conduct of deceptively seeking payment of a debt Mr. Durham did not owe, and then reporting the debt until, and unless, Mr. Durham provided a police report or fraud affidavit, caused Mr. Durham to incur costs, time, inconvenience, travel and/or telephone expenses. As such, the jury could reasonably find such conduct violated H.R.S. 480.

## CONCLUSION

Defendant's conduct was deceptive. It knew Mr. Durham had moved from the address in Antioch, TN four months before the alleged loan was opened, but it still solicited him for payment. The only alternative Defendant offered was for Mr. Durham to take extensive actions, causing him to incur damages.

Defendant's conduct of failing to clearly disclose that it was a debt collector in the second call is in direct violation of H.R.S. 443B-18(2). The record shows

13

Defendant withheld the statutorily required notice in all calls until Mr. Durham provided his SSN and DOB. Even once is a violation of Hawaii's UDAP statute.

    Defendant also refused to accept Mr. Durham's statements that the driver's license numbers did not match, deceptively causing him to comply with its onerous company policy in order to avoid further collection efforts.

    Defendant has committed a deceptive act in the conduct of trade or commerce. Defendant's unfair or deceptive acts are a legal cause of damages to Mr. Durham. Mr. Durham requests this Honorable Court find that Defendant violated Hawaii's UDAP statute and award him the minimum statutory damages provided under H.R.S. 480-13.

    Alternatively, if the Court is not inclined to grant Plaintiff summary judgment at this time, then Plaintiff requests this Court allow him to present his state-law claims under H.R.S. 480 to the jury.

DATED: Honolulu, Hawaii March 31, 2025.

                                                  */s/ Justin A. Brackett*
                                                  Justin A. Brackett, Esq.
                                                  Attorney for Plaintiff