STARN ● O'TOOLE ● MARCUS & FISHER
A Law Corporation

ANDREW J. LAUTENBACH          8805-0
KUKUI CLAYDON                 10378-0
733 Bishop Street, Suite 1900
Pacific Guardian Center, Makai Tower
Honolulu, Hawaii 96813
Telephone: (808) 537-6100
Email: alautenbach@starnlaw.com
       kclaydon@starnlaw.com

MARTIN GOLDEN LYONS WATTS MORGAN
XERXES MARTIN (*Pro Hac Vice*)
8750 N. Central Expressway Suite 1850
Dallas, Texas 75231
Telephone: (214) 346-2628
Email: XMartin@mgl.law

Attorneys for Defendant
NATIONAL CREDIT ADJUSTERS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| DEMETRE DURHAM, | CIVIL NO. 1:23-cv-00244-MWJS-WRP |
|---|---|
| Plaintiff, | **DEFENDANT NATIONAL CREDIT ADJUSTERS, LLC'S RESPONSE TO PLAINTIFF'S LETTER REQUEST FOR APPEARANCE REMOTELY AT UPCOMING TRIAL; CERTIFICATE OF SERVICE** |
| v. | |
| NATIONAL CREDIT ADJUSTERS, LLC, | Pretrial Conference: |
| Defendant. | Date: August 11, 2025 |
| | Time: 10:00 a.m. |
| | Judge: Hon. Wes Reber Porter |
| | |
| | Trial Date: September 22, 2025 |
| | Trial Judge: Hon. Micah W. J. Smith |

## DEFENDANT NATIONAL CREDIT ADJUSTERS, LLC'S RESPONSE TO PLAINTIFF'S LETTER REQUEST FOR APPEARANCE REMOTELY AT UPCOMING TRIAL

Pursuant to the Court's August 22, 2025 EO, Defendant National Credit Adjusters LLC ("**NCA**") through its undersigned counsel, hereby submits its Response to Plaintiff Demetre Durham's Letter Request for Appearance Remotely at Upcoming Trial filed August 21, 2025, [Dkt. 82].

NCA is very sorry to hear of Plaintiff's diagnosis and health struggles. Nonetheless, NCA objects to Plaintiff's request because it is prejudicial to NCA, it is not supported by documentation from any medical professional, and while it is unexpected to NCA, Plaintiff had been diagnosed, experienced health issues and undergone surgery prior to this unexpected request.

On August 20, 2025, counsel for NCA was informed, for the first time, that Plaintiff had received a cancer diagnosis which required surgery and chemotherapy treatment and that his doctors were recommending he not travel to Hawaii for trial. [DKT 82]. NCA does not know when Plaintiff or his counsel was first informed of this diagnosis or the need for treatment.

Plaintiff's Declaration states he was diagnosed with cancer in July, had surgery in the beginning of August, and will need to start chemotherapy, though it does not specify when he intends to start such treatment. Plaintiff's Declaration does not state when he was informed he needed chemotherapy or when he was advised

2

not to travel. While the Declaration states his doctors told him not to travel, there is no basis for this prohibition stated in the Declaration nor any outside evidence before the Court.

According to the Declaration, Plaintiff knew of his diagnosis and surgery prior to the August 11, 2025 Pre-Trial Conference, and the August 19, 2025 Settlement Conference with Judge Porter, but did not disclose this issue at either of these proceedings. [DKT 82]. In fact, this issue was not disclosed to counsel for NCA until August 20, 2025, the day *after* the Settlement Conference. *Id.*

Federal Rules of Civil Procedure 43 requires testimony to normally be taken in open court unless excused. Fed. R. Civ. P. 43 (In Open Court. At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.").

The advisory committee notes to Rule 43 state "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial *for unexpected reasons* . . . ." Fed. R. Civ. P. 43(a) advisory committee's note (1996 amendment) (emphasis added).

3

While NCA is sympathetic to Plaintiff's cancer diagnosis, this is federal litigation in which Plaintiff is requesting hundreds of thousands of dollars in damages, including punitive damages, and in which there is a jury trial rapidly approaching.

Plaintiff's cancer diagnosis is certainly unexpected, but there is insufficient evidence before the Court to determine whether the conflict between trial and his alleged treatment is unexpected or was previously known to Plaintiff and/or Plaintiff's counsel prior to informing NCA of this issue.

The Ninth Circuit Court of Appeals has repeatedly explained: "The importance of presenting live testimony *in court* cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truth-telling." *In re Kirkland*, 75 F.4th 1030, 1044 (9th Cir. 2023) (quotation omitted) (emphasis original); *see also Draper v. Rosario*, 836 F.3d 1072, 1082 (9th Cir. 2016).

Courts have consistently recognized the importance of in-person testimony is particularly important in cases involving subjective or emotional testimony, in both depositions and trials. S*ee Buergofol GmbH v. Omega Liner Company, Inc.*, 2024 WL 4290795 (D.S.D. Sept. 25, 2024) (emphasizing that "[r]emote depositions preclude . . . the assessment of the deponent's demeanor, affect, non-verbal responses, and facial expressions") (cleaned up); *United States v. International*

4

*Business Machines Corp.*, 90 F.R.D. 377, 381 (S.D.N.Y. 1981) (noting that in-person depositions allow attorneys to observe witness' demeanor and non-verbal cues).

It would prejudice NCA to allow Plaintiff to appear remotely at trial.

Every other witness, including NCA's witness, will have to appear in person and be subject to the environment of a federal courthouse and the stress of testifying from the stand in a federal trial. The jury will be able to make credibility determinations based on their demeanor, affect, non-verbal responses, and facial expressions.

On the other hand, Plaintiff would be allowed to testify from the convenience and comfort of his own home, or any other place he chooses to testify from, subject to the confines of Rule 43. While modern technology makes it possible to provide contemporaneous testimony via zoom or other similar means, it is noticeably more difficult to ascertain an individual's demeanor, affect, non-verbal responses, and facial expressions when they are in present, compared to watching them on a display from across the room while the person testifies from thousands of miles away. This would prejudice NCA, as these issues are of particular importance in a claim involving alleged mental anguish damages, as in this case. It will require displaying copies of exhibits via remote means as well as in person in the court room, which could lead to confusion among the jury.

If Plaintiff is allowed to testify from somewhere other than the courthouse, this also raises the possibility that Plaintiff would review improper documents or consult with others concerning the case as the trial is happening. Plaintiff's request is silent as to what reasonable means would be taken to prevent this or any other concerns, and generally silent as to what steps would be taken to ensure the appropriate safeguards required under Rule 43.

Further, NCA is spending considerable expense to fly in a witness from out of state, given this trial is occurring in Hawaii. These costs have been incurred already. Other witnesses identified by Plaintiff's counsel as witnesses are likewise from out of state and will have to fly in for trial, should they attend. Thus, Plaintiff would be the only witness who is not present in person for the trial in the lawsuit he filed.

Additionally, there is no way of explaining Plaintiff's absence to the jury without stating that Plaintiff is allegedly too medically frail to travel as a result of his cancer diagnosis, which would paint Plaintiff in a sympathetic light based on factors that have nothing to do with this lawsuit. This would prejudice NCA by introducing non-relevant issues into the facts at trial.

On this basis, Defendant is opposed to Plaintiff appearing remotely at trial in the federal litigation he commenced. Plaintiff is requesting a large amount of money in damages that will likely depend largely on his own testimony. The jury should be

allowed to hear his testimony in person in order to properly evaluate the testimony and to properly determine how much weight to give said testimony.

Plaintiff knew of this diagnosis for at least one month prior to the moving the Court for this relief. This delay prevented the Parties from being able to properly work through this issue. Given the delay, there is no time to ensure appropriate safeguards are in place, and Plaintiff's motion is silent as to what these appropriate safeguards would be.

For the reasons stated above, Defendant respectfully requests the Court deny Plaintiff's request to appear at trial, in which he is the only named Plaintiff and would be the only witness not in attendance.

DATED: Honolulu, Hawaiʻi, August 26, 2025.

*/s/ Kukui Claydon*
ANDREW J. LAUTENBACH
KUKUI CLAYDON
XERXES MARTIN (*Pro Hac Vice*)

Attorneys for Defendant
NATIONAL CREDIT ADJUSTERS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEMETRE DURHAM,<br><br>      Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT ADJUSTERS, LLC,<br><br>      Defendant. | CIVIL NO. 1:23-cv-00244-MWJS-WRP<br><br>**CERTIFICATE OF SERVICE** |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the date noted below, a true and correct copy of the foregoing document, was served upon the following party noticed herein via CM/ECF:

    JUSTIN A. BRACKETT, ESQ.    (justinbrackettlaw@gmail.com)
    515 Ward Avenue
    Honolulu, Hawaii 96814

    And

    DURAN L. KELLER, ESQ.  (*Pro Hac Vice*)  (duran@kellerlawllp.com)
    8 N Third Street, Suite 403
    Lafayette, IN 47901-1264

    Attorneys for Plaintiff
    DEMETRE DURHAM

3316198

DATED: Honolulu, Hawai'i, August 26, 2025.

                                              */s/ Kukui Claydon*
                                              ANDREW J. LAUTENBACH
                                              KUKUI CLAYDON
                                              XERXES MARTIN (*Pro Hac Vice*)

                                              Attorneys for Defendant
                                              NATIONAL CREDIT ADJUSTERS, LLC