STARN • O'TOOLE • MARCUS & FISHER
A Law Corporation
ANDREW J. LAUTENBACH         8805-0
KUKUI CLAYDON                10378-0
733 Bishop Street, Suite 1900
Pacific Guardian Center, Makai Tower
Honolulu, Hawaii 96813
Telephone: (808) 537-6100
Email: alautenbach@starnlaw.com
       kclaydon@starnlaw.com

MARTIN GOLDEN LYONS WATTS MORGAN
XERXES MARTIN (*Pro Hac Vice*)
8750 N. Central Expressway Suite 1850
Dallas, Texas 75231
Telephone: (214) 346-2628
Email: XMartin@mgl.law

Attorneys for Defendant
NATIONAL CREDIT ADJUSTERS, LLC

### UNITED STATES DISTRICT COURT
### DISTRICT OF HAWAII

| | |
|---|---|
| DEMETRE DURHAM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL CREDIT ADJUSTERS, LLC,<br><br>　　　　Defendant. | CIVIL NO. 1:23-cv-00244-MWJS-WRP<br><br>**DEFENDANT NATIONAL CREDIT ADJUSTERS, LLC'S RESPONSE TO PLAINTIFF'S OMNIBUS MOTION IN LIMINE [DKT. 90]; CERTIFICATE OF SERVICE**<br><br>Trial Date: September 22, 2025<br>Trial Judge: Hon. Micah W. J. Smith |

Defendant National Credit Adjusters, LLC, through undersigned counsel, submits this Response to Plaintiff's Omnibus Motion in Limine [Dkt. 90]:

## I. INTRODUCTION

Many of Plaintiff's motions in limine do not seek to exclude specific prejudicial evidence by identifying particular witnesses, documents, or testimony to exclude. Some seek to exclude arguments NCA has never made, such as that Plaintiff is somehow responsible for the preparation of the alleged identity theft not being present at trial, or that NCA seeks to cast blame on the consumer reporting agencies. Others would limit testimony in a way that would make it difficult to discuss the subjects or lack any specificity as to what evidence would be excluded. For these reasons, as set out herein, this Court should deny the contested motions in limine as stated before, and limit the uncontested ones in order to not prejudice NCA.

## II. ARGUMENTS

### 1. Plaintiff's First Motion in Limine concerning the police report.

Durham's first Motion in Limine requests this Court exclude "argument, suggestion, testimony, or claims that a police report or identity theft affidavit was required or necessary for Defendant to remove or otherwise update credit reporting." Dkt. 90 at 4. This Motion in Limine should be denied for several reasons.

First, Plaintiff does not cite any case law supporting the position that testimony regarding whether NCA requested a police report should not be allowed or considered. *Id*. Second, Plaintiff's request is vague and does not identify specific

testimony that would be inadmissible. *Id*. Third, Plaintiff cites cases decided on summary judgment, where the Court found there were fact issues as to whether the investigation was reasonable. *See Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 620 (6th Cir. 2012) ("Boggio's failure to comply with USAA's fraud policy does not disturb our conclusion that a genuine dispute of material fact exists regarding the reasonableness of USAA's investigation, and so summary judgment is inappropriate."). They have nothing to do with limiting testimony at trial.

Fourth, this motion in limine blurs the line between instructions on law, which are done by the Court, and factual questions and testimony, which are done by the parties at trial. NCA's witnesses will not instruct the jury as to what the FCRA requires or does not require, as this the job of the Court. The testimony from NCA's witness will concern the details of the investigation undertaken. NCA is entitled to present its entire factual defense to the jury. There is no way to discuss what NCA did or did not do in this matter without discussing whether a police report or identity theft affidavit was required or necessary for Defendant to remove or otherwise update credit reporting. Holding as such would effectively grant summary judgment to Plaintiff on this issue. For these reasons, this Motion in Limine should be denied.

2. **Plaintiff's Second Motion in Limine concerning other lawsuits.**

Plaintiff's second Motion in Limine concerns other lawsuits filed by Plaintiff. Dkt. 90 at 7. This is inconsistent, where Plaintiff opposed NCA's motion in limine

regarding similar testimony, and where Plaintiff designated material produced by a defendant in another lawsuit as a potential exhibit in this manner.

This Motion in Limine should be denied. Plaintiff's other two lawsuits concerned the same facts and occurrences as alleged in this lawsuit, the same alleged improper debt, the same alleged improper reporting, the same alleged consequences, and the same alleged damages. Further, any damages Plaintiff suffered is likewise equally caused by the facts and occurrences in those cases. The jury is entitled to know that Plaintiff has already received compensation for any of his alleged harm in this matter. In particular, this would go towards Plaintiff's claim for punitive damages, if the jury gets to that question. For these reasons, this Motion in Limine should be denied.

### 3. Plaintiff's Third Motion in Limine concerning the identity theft incident.

Plaintiff's third Motion in Limine requests this Court "exclude any suggestion that no one has been charged, convicted or found responsible regarding the identity theft incidents that are the subject of the alleged debt." *Id.* at 9. Such a request is not specific enough to be granted.

This Motion in Limine should be denied for two reasons. First, it prevents NCA from asking basic questions regarding the underlying facts of the claim. Second, it is based on a faulty premise that NCA intends to blame Plaintiff for the identity theft. NCA has not blamed or implied Plaintiff was to blame for the alleged

3

identity theft at any time, and therefore such a broad motion in limine, which would prohibit NCA from asking legitimate questions, should be denied. Any concerns regarding testimony or questioning concerning the identity theft incident that Plaintiff believes is improper should be objected to at trial, so the Court can consider it in the context of the trial. This request is too broad to be granted at this stage.

    **4.**    **Plaintiff's Fourth Motion in Limine concerning the CRAs.**

Plaintiff's fourth Motion in Limine requests this Court "exclude the attempt by any Defendant to reference action taken by any FCRA [sic], or place liability on, any credit bureau for their action or inaction with respect to Plaintiff's FCRA disputes." Dkt. 90 at 10.

NCA does not oppose this Motion in Limine. NCA notes there is no indication before the Court that NCA intends to place any "blame" on any CRAs, NCA did not do so at the summary judgment level, and therefore NCA believe this Motion in Limine is unnecessary. Second, NCA would request any ruling under this motion in limine be limited. The elements a claim under section 1681s-2(b) required a dispute be transmitted by a CRA, and whether an investigation is reasonable is based, in part, on the information supplied by a CRA. 15 U.S.C. § 1681s-2(b)(1)(A), (B).[1]

---

[1] Plaintiff claims "the Seventh Circuit affirmed a trial court's preclusion of such evidence." Dkt. 90 at 11. In the case cited, a case related to alleged race- and age-based discrimination, the Court stated, "he failed to explain the substance of the testimony he sought to present at trial, we cannot conclude that the district court

4

Thus, this motion in limine should not be construed so broadly as to prohibit discussing the elements of Plaintiff's claim.

### 5. Plaintiff's Fifth Motion in Limine concerning hearsay testimony.

Plaintiff's fifth Motion in Limine seeks to "preclude Defendants from eliciting testimony which would be hearsay from their own representatives." Dkt. 90 at 12. Plaintiff does not identify what testimony NCA representative Lori Hess is expected to give that would include hearsay. *Id*. Plaintiff cites to *Tijerina v. Alaska Airlines, Inc.*, No. 22-CV-203 JLS (BGS), 2024 WL 270090 (S.D. Cal. Jan. 23, 2024), in support of this motion. Dkt. 90 at 12. As that Court noted, "[t]he question posed by the present Motion is more complex than either party lets on." *Tijerina*, 2024 WL 270090, at *2. These testimonial issues can be complex, and thus are better suited to being handled at trial. Plaintiff's request should be denied for failing to identify the specific testimony Plaintiff seeks to bar.

The main difference between Plaintiff's present motion and *Tijerina*, is that in *Tijerina,* the movant provided specific subjects that specific witnesses should be prohibited from testify as to, and a specific reason as to why that knowledge would be hearsay as to that particular deponent:

> Plaintiff's first MIL seeks to preclude witnesses lacking personal knowledge from testifying about the actual duties and authority of lead customer service associates ("Lead CSAs"), including Mark Buenaflor

---

erred in excluding it." *Henderson v. Wilkie*, 966 F.3d 530, 538 (7th Cir. 2020). It is inapplicable to this case.

5

> ("Buenaflor") - Plaintiff's alleged harasser. Specifically, Plaintiff seeks to prevent *high-ranking executives who lack personal knowledge* from testifying about Buenaflor's role and the operations of the San Diego airport. . . . Per Plaintiff, *Zwerin also "admitted he had no personal knowledge of what actions Mr. Buenaflor took or even could take while working at the San Diego Airport."*

*Id*. (emphasis added). Plaintiff has not presented any similar facts in his motion. Rather, Plaintiff casts a broad claim against an entire industry as grounds for this motion in limine: "it is not uncommon for a defendant in an FCRA case to attempt to offer testimony from a witness lacking personal knowledge or other competent evidence." Dkt. 90 at 13. However, Plaintiff does not identify any testimony expected to be offered by Ms. Hess that would be hearsay or outside her personal knowledge. *Id*. Further, there would be no way to determine whether it was within the scope of personal knowledge of the deponent without knowing the exact questions asked. This is insufficient grounds to grant a motion in limine on and this Motion in Limine should be denied.

     **6.**    **Plaintiff's Sixth Motion in Limine concerning the bona fide error.**

Plaintiff's sixth Motion in Limine seeks to "exclude claims of any error or bona fide error." Dkt. 90 at 13. Plaintiff attempts to backdoor a summary judgment claim on bona fide error, bringing up alleged defects in pleading and discovery issues. A motion in limine is an improper method for trying to litigate NCA's bona fide error defense, raise defects in pleading that should have been addressed under Federal Rule 12, or discovery issues that Plaintiff never raised. *Bakst v. Cmty. Mem.*

6

*Health Sys.*, No. CV 09-08241 MMM (FFMx), 2011 WL 13214315, at *8 (C.D. Cal. Mar. 7, 2011) ("[A] motion in limine is not a proper vehicle by which to seek summary judgment on a claim.").

Most brazenly, Plaintiff claims that Defendant being allowed to present evidence as to a statutory-created defense to a violation of said statute would "confuse the issues, mislead the jury on the relevant law in this matter and prejudice Plaintiff." Dkt. 90 at 14. The Court, not the parties, instructs the jury on the law. The bona fide error defense is an issue in this matter and therefore cannot confuse the jury. Plaintiff is not prejudiced in having to defend against an affirmative defense that has been asserted since the beginning of this case. None of these issues were raised before the trial date and the bone fide error defense has remained an active affirmative defense throughout. Therefore, this Motion in Limine should be denied.

### 7. Plaintiff's Seventh Motion in Limine concerning testimony as to medical damages.

Plaintiff's seventh Motion in Limine seeks to "exclude any evidence, suggestion, or testimony that a doctor, therapist, or any other expert is required to demonstrate emotional harm for Plaintiff's actual damages." Dkt. 90 at 16. NCA agrees to the extent a medical doctor is not required to prevail on a claim for emotional harm. Further, NCA states that this issue will likely be addressed in the jury instructions.

7

However, it would be unfairly prejudicial to NCA to prevent NCA from asking questions about whether Plaintiff sought out medical help, why he did not seek out medical help, and other questions related to his decision to not seek out medical help. Therefore, this Motion in Limine should be limited only to exclude "evidence, suggestion, or testimony that a doctor, therapist, or any other expert is required" to prevail on a claim for emotional harm, but should not limit NCA's ability to question Plaintiff as to why he did not see a medical doctor or any other questions concern Plaintiff's medical care or lack thereof.

8. **Plaintiff's Eighth Motion in Limine concerning calling the disputes frivolous.**

Plaintiff's eighth Motion in Limine seeks to "exclude any testimony, suggestion, or evidence that Plaintiff's disputes were frivolous." Dkt. 90 at 17. This request must be dealt with at trial on a question-by-question bases, as there is no way to determine whether any question or statement would claim or imply the dispute is frivolous. There will be questions regarding why Plaintiff submitted the same dispute with the same information more than once, questions as to the dispute codes he selected and why, and other questions related to the dispute, and NCA would be prejudiced if they were not allowed to properly explore that testimony at trial. Further, it should be up to the jury to determine whether the jury considers any disputes frivolous, as that will go towards a determination as to whether NCA's investigations were reasonable or not.

9. **Plaintiff's Ninth Motion in Limine concerning the identity theft perpetrator.**

NCA does not oppose this Motion in Limine, as NCA has not made any suggestions or arguments regarding this and NCA does not intend to. Dkt. 90 at 18.

10. **Plaintiff's Tenth Motion in Limine concerning undisclosed investigations.**

Plaintiff's tenth Motion in Limine seeks to "exclude testimony, evidence, or reference to investigations performed by Defendants' employees or agents which were not disclosed during discovery." Dkt. 90 at 19. Plaintiff further states, "[a]t this time, Defendant has not disclosed any specific investigations it intends to reference." *Id.* NCA does not know what Plaintiff means.

All investigations have been revealed. The Court reviewed them during the summary judgment. Therefore, NCA does not know what undisclosed investigations Plaintiff is referring to, and therefore this Motion in Limine should be denied.

11. **Plaintiff's Eleventh Motion in Limine concerning attorneys' fees and costs.**

NCA does not oppose this Motion in Limine. Dkt. 90 at 20.

12. **Plaintiff's Twelfth Motion in Limine concerning the accuracy of the information.**

Plaintiff's twelfth Motion in Limine is to exclude "any evidence indicating the reporting was accurate or complete." Dkt. 90 at 22. Plaintiff bases this on the Court's summary judgment ruling finding that NCA did not challenge the credit reporting as inaccurate. NCA does not intend to argue that Plaintiff was responsible

9

for the debt. However, this Motion in Limine is too broadly written to be granted. NCA is entitled to discuss the content of the account notes and account media, the information that was credit reported, and ask Plaintiff whether the information was accurate or not. While the debt may be the result of identity theft, as alleged but not proven by Plaintiff[2], that does not mean all of the information was inaccurate and/or incomplete. How much of the information was inaccurate and/or incomplete and whether NCA should have known this or determined this is a factual element to be determined by the Court. Therefore, this Cout should not grant a motion in limine that prohibits NCA from discussing the events at issue and should consider any objections raised on this issue on a question-by-question basis at trial.

### III.   CONCLUSION

For these reasons stated above, the Court should deny any motion in limine not opposed by NCA, and construe the unopposed motions in limine narrowly to avoid the issues discussed herein.

DATED:  Honolulu, Hawaiʻi, September 2, 2025.

*/s/ Kukui Claydon*
ANDREW J. LAUTENBACH
KUKUI CLAYDON
XERXES MARTIN (*Pro Hac Vice*)

Attorneys for Defendant
NATIONAL CREDIT ADJUSTERS, LLC

---

[2] Dkt. 70 at 1 ("Although there is no evidence conclusively proving Durham right, NCA closed the account once he provided a police report and affidavit to substantiate his claim.").