JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI  96814
Telephone: (808) 377-6778
Email:  justinbrackettlaw@gmail.com

Duran L. Keller (Admitted *Pro Hac Vice*)
8 N Third Street, Suite 403
Lafayette, IN 47901
Email: duran@keller.law

*Attorneys for Plaintiff*
Demetre Durham

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEMETRE DURHAM<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL CREDIT ADJUSTERS, LLC,<br><br>　　　　　　　Defendant. | CIVIL NO. 1:23-CV-00244 MWJS-WRP<br><br>PLAINTIFF DEMETRE DURHAM'S OBJECTIONS TO NATIONAL CREDIT ADJUSTERS, LLC'S PROPOSED SPECIAL VERDICT FORM; CERTIFICATE OF SERVICE<br><br>Judge: Hon. Micah W.J. Smith<br>Magistrate Judge: Hon. Wes Reber Porter |

**PLAINTIFF'S OBJECTIONS TO NATIONAL CREDIT ADJUSTERS, LLC'S PROPOSED SPECIAL VERDICT FORM [DKT. 120]**

The Court has indicated it is likely to adopt a version of NCA's proposed

verdict form and offered Plaintiff an opportunity to object. Dkt. 156. Plaintiff objects

to Defendant National Credit Adjusters, LLC's proposed Special Verdict Form [Dkt. 120] as follows:

## General Objections Specific to Each Question

Plaintiff objects to restating the burden of proof in response to every question. The jury will already be instructed on the burden of proof.

Plaintiff objects to the form used in favor of his form but nonetheless will respond with additional objections to the extent his request for the form he presented is overruled.

Plaintiff reiterates his objection to the verdict form including repetition of what is already in the jury instructions. This version of verdict form essentially turns each element into a jury question. This redundancy favors a defense verdict because it tends to lead the jury to redo its analysis in jury instructions.

Plaintiff requests all questions be broken into their own, individual pages.

**Count 1: Section 1692g of the FDCPA**

**Question 1**: Did Plaintiff prove by a preponderance of the evidence that debt at issue was a consumer debt as defined by the Fair Debt Collection Practices Act?

YES _____ NO _____

(If you answered Yes to Question 1, please proceed to Question 2. If you answered No, please Proceed to Question 6.)

OBJECTION: Plaintiff posits that this question should omit the standard of proof, which is already a separate jury instruction, and include the word "the" before "debt" such that the Question would read as follows: "Did Plaintiff prove that the debt at issue was a consumer debt as defined by the Fair Debt Collection Practices Act?"

　　Plaintiff's proposed edit:

**Count 1: Section 1692g of the FDCPA**

**Question 1**: Did Plaintiff prove that the debt at issue was a consumer debt as defined by the Fair Debt Collection Practices Act?

YES _____ NO _____

(If you answered Yes to Question 1, please proceed to Question 2. If you answered No, please Proceed to Question 6.)

**Question 4**: How much in statutory damages, if any, is Plaintiff entitled to under section 1692k of the FDCPA. Please note this amount is statutorily limited to $1,000. You are not required to award any statutory damages.

    $_____

(Proceed to next Question.)

OBJECTION: Statutory damages are not about what "Plaintiff is entitled to." Rather, it is about the amount which is appropriate to be assessed to the defendant in light of the relevant factors, including those in 15 U.S.C. § 1692k. The Court should respectfully remove the statement that the jury is not required to award any statutory damages. The standard language "if any," which is included here, is sufficient to notify the jury that they could assess no statutory damages.

    Plaintiff's Proposed Edit:

**Question 4**: How much in statutory damages, if any, do you assess against Defendant. This amount cannot exceed $1,000.

    $_____

(Proceed to next Question.)

**Question 5**: How much in actual damages, if any, is Plaintiff entitled to for Defendants' violation of the FDCPA.

$_____ (Proceed to next Question.)

OBJECTION: Statutory damages are not about what "Plaintiff is entitled to." Rather, it is about the amount which is appropriate to be assessed to the defendant in light of the relevant factors, including those in 15 U.S.C. § 1692k. The Court should respectfully remove the statement that the jury is not required to award any statutory damages. The standard language "if any," which is included here, is sufficient to notify the jury that they could assess no statutory damages.

    Plaintiff's Proposed Edit:

**Question 5**: How much in actual damages, if any, is Plaintiff entitled to for Defendant's violation of the FDCPA.

    $_____

(Proceed to next Question.)

**Question 8**: What amount of damages do you find that were caused to Plaintiff, if any, between January 15, 2023 and May 1, 2023 as a result of Defendant's furnishing information that was incomplete or inaccurate.

$_____ (Proceed to next Question.)

OBJECTION: The relevant FCRA standard for causation is whether the Defendant's conduct was a substantial factor in bringing about damages to Plaintiff. **Spokeo, Inc. v. Robins, 578 U.S. 330** (2016). Further, the amount of damages should not be limited to the time period stated. The trial has not begun and there is no basis for limiting damages time period. The expected evidence will be that Defendant's conduct was a substantial factor in causing Plaintiff's emotional harm and worry, which continued long after Defendant fixed its inaccurate reporting to the bureaus. Therefore, Plaintiff requests the Court remove the phrase "between January 15, 2023 and May 1, 2023." Moreover, Plaintiff's cause of action includes the failure to delete information that could not be verified as accurate. 15 U.S.C. 1681s-2(b)(1)(E). The statute includes multiple violations which can also be met by inaction. Therefore, Plaintiff's damages cannot be limited to simply Defendant's furnishing information.

  Plaintiff's Proposed Edit:

**Question 8**: What amount of damages do you find as a result of Defendant violating the FCRA (including any of the following: failure to conduct a reasonable investigation, failure to review all relevant information provided by the CRA, failure to report the results of the investigation to the CRA, or failure to remove the information which is inaccurate or cannot be verified)?

$_____ (Proceed to next Question.)

Plaintiff objects to Question 10, which Defendant drafted as follows:

**Question 10**: How much in statutory damages, if any, is Plaintiff entitled to under the Fair Credit Reporting Act? Please note this amount is statutorily limited to $1,000. You are not required to award any statutory damages.

$_____

(Proceed to next Question.)

OBJECTION: Plaintiff is not seeking statutory damages under the FCRA. The court should therefore not instruct the jury as to statutory damages, nor should it be included in the verdict form.

Plaintiff's Proposed Edit: Deleted.

**Question 11**: Do you find that Plaintiff has proven, by clear and convincing evidence, Defendant's conduct that harmed Plaintiff was malicious, oppressive or in reckless disregard of the Plaintiff's rights?

(If you answered Yes to Question 11, please proceed to Question 12. If you answered No, please proceed to Question 13.)

OBJECTION: Defendant has not shown any reason to deviate from the preponderance standard. Either way, the standard of proof should not be repeated in the verdict form. Plaintiff's theory is that Defendant was primarily reckless and in the alternative or in addition, engaged in intentional conduct. The jury should be instructed according to the correct standards and theories.

Plaintiff's Proposed Edit:

**Question 11:** Do you find that Defendant's action (or failure to act) was in reckless disregard for the FCRA or was intentional?

(If you answered Yes to Question 11, please proceed to Question 12. If you answered No, please proceed to Question 13.)

JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI 96814
Telephone: (808) 377-6778
Email: justinbrackettlaw@gmail.com

*Attorney for Plaintiff*
Demetre Durham

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEMETRE DURHAM,<br><br>            Plaintiff,<br><br>    v.<br><br>NATIONAL CREDIT ADJUSTERS, LLC,<br><br>            Defendant. | CASE NO. 1:23-cv-00244-MWJS-WRP<br><br>CERTIFICATE OF SERVICE OF PLAINTIFF DEMETRE DURHAM'S OBJECTION TO NATIONAL CREDIT ADJUSTERS, LLC'S PROPOSED SPECIAL VERDICT FORM |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date first stated below, or in compliance with the rules of this Court, I did serve a true and exact copy of the foregoing document via operation of this Court's electronic filing system, upon the following:

Andrew J. Lautenbach, Esq.          alautenbach@starnlaw.com
Kukui Claydon, Esq.                 kclaydon@starnlaw.com
Eugene Xerxes Martin , IV           xmartin@mgl.law
*Attorneys for Defendant*
National Credit Adjusters, LLC

DATED:  Honolulu, Hawaii, September 17, 2025.

>*/s/ Justin A. Brackett*
>Justin A. Brackett, Esq.
>*Attorney for Plaintiff*
>Demetre Durham