IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DEMETRE DURHAM, | Civil No.  23-00244 MWJS-WRP |
| Plaintiff, | **FINAL JURY INSTRUCTIONS** |
| vs. | |
| NATIONAL CREDIT ADJUSTERS, LLC, | |
| Defendant. | Trial Date:  September 22, 2025<br>Trial Judge:  Hon. Micah W.J. Smith |

**<u>FINAL JURY INSTRUCTIONS</u>**

## I.   GENERAL INSTRUCTIONS

### <u>Jury Instruction No. 1</u>
### Duty of the Jury

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathies.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

<u>**Jury Instruction No. 2**</u>
**What Is Evidence?**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I may instruct you to accept as proved.

### Jury Instruction No. 3
### What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

### Jury Instruction No. 4
### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence, and you should consider both kinds of evidence. It is for you to decide how much weight to give to any evidence.

**Jury Instruction No. 5**
**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else they said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.  The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

### <u>Jury Instruction No. 6</u>
**Burden of Proof—Preponderance of the Evidence**

Now that you have seen and heard all of the evidence at this trial, you must determine whether the party bearing the burden of proof on an issue has met that burden.

At this trial, Mr. Durham has the burden of proving his claims by a preponderance of the evidence, and NCA has the burden of proving its affirmative defense by that same standard.

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### Jury Instruction No. 7
**Bench Conferences and Recesses**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

### <u>Jury Instruction No. 8</u>
### Liability of Corporations—Scope of Authority Not in Issue

The defendant in this case is a corporation, National Credit Adjusters, LLC, which I will refer to in these instructions as "NCA."

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

### <u>Jury Instruction No. 9</u>
**Corporations and Partnerships—Fair Treatment**

All parties are equal before the law and NCA is entitled to the same fair and conscientious consideration by you as any party.

10

## II.    FAIR DEBT COLLECTION PRACTICES ACT

### <u>Jury Instruction No. 10</u>
### Elements of FDCPA Claim

In this lawsuit, Plaintiff Demetre Durham claims that NCA violated the Fair Debt Collection Practices Act, which I will refer to in these instructions as the "FDCPA."  In order to succeed on his FDCPA claim, Mr. Durham must prove the following elements by a preponderance of the evidence:

(1) Mr. Durham is a "consumer";

(2) Mr. Durham was the object of a collection activity arising from a "debt";

(3) NCA is a "debt collector"; and

(4) NCA violated a provision of the FDCPA.

## <u>Jury Instruction No. 11</u>
### First Element—Consumer

The first element that Mr. Durham must prove is that he is a "consumer" within the meaning of the FDCPA.  I will now define that term for you.

A "consumer," as used in the FDCPA, means any natural person obligated or allegedly obligated to pay any debt.

**<u>Jury Instruction No. 12</u>**
**Second Element—Debt**

The second element Mr. Durham must prove is that he was the object of a collection activity arising from a "debt" within the meaning of the FDCPA. I will now define the word "debt" for you.

A "debt," as used in the FDCPA, means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

In making this determination, you should examine the transaction as a whole, paying particular attention to the purpose for which the credit was extended in order to determine whether the transaction was primarily consumer or commercial in nature. A person's motives in taking out or issuing a loan do not determine what type of loan it is. Nor does the way the loan was recorded determine what type of loan it is. Instead, you the jury must consider the substance of the transaction and the apparent purpose in obtaining the loan, and not just the form of the loan.

## <u>Jury Instruction No. 13</u>
### Third Element—Debt Collector

The third element Mr. Durham must prove is that NCA is a "debt collector." NCA stipulates that it is a "debt collector."

## Jury Instruction No. 14
### Fourth Element—Alleged Violation of FDCPA

The fourth and final element Mr. Durham must prove is that NCA violated a provision of the FDCPA.

The FDCPA is a strict liability statute.  It imposes liability for violations even if they are not knowing or intentional.  Mr. Durham therefore does not have to prove that NCA's acts were knowingly or intentionally done in this case.  Liability will attach without regard to intent or knowledge or the willfulness of the violation.

In this lawsuit, Mr. Durham claims that NCA violated the FDCPA.  I will now read to you the relevant language from that law:

(a) Notice of debt; contents
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

To satisfy its obligation to "send" the consumer a "written notice," a debt collector need only prove that the notice was sent; it need not prove that the notice was actually received by the consumer.

15

At the same time, the notice must inform the consumer that if, within a period of "thirty days after receipt of the notice," the consumer notifies the debt collector in writing that the validity of the debt is disputed, then the debt collector must "obtain verification of the debt" and send this verification to the consumer.

Therefore, if you find that Mr. Durham notified NCA in writing that the validity of the debt was disputed, then you must determine whether Mr. Durham's notice was provided within a period of "thirty days" after his "receipt of the notice" from NCA. As to the receipt of the notice from NCA, I instruct you that there is a presumption that a person has received a document when it has been properly sent to their correct address. If you find that the debt collector knew or should have known that the document was sent to the wrong address, however, then the presumption may not apply.

## <u>Jury Instruction No. 15</u>
**Affirmative Defense—Bona Fide Error**

As I instructed you earlier, the FDCPA is a strict liability statute, and liability will attach without regard to intent or knowledge or the willfulness of the violation.

Nonetheless, the FDCPA provides for an affirmative defense, which is known as the "bona fide error" defense: the debt collector may not be held liable if it shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

To establish a bona fide error defense, the debt collector must prove that:

(1) it violated the FDCPA unintentionally;

(2) the violation resulted from a bona fide error of fact; and

(3) it maintained procedures reasonably adapted to avoid the violation.

A mistake of law cannot qualify as a bona fide error.

## Jury Instruction No. 16
### Actual Damages under the FDCPA

If you find that Mr. Durham has proved the four elements of his FDCPA claim, and that NCA has not proved its affirmative defense, then your duty is to determine the amount of money that reasonably, fairly, and adequately compensates Mr. Durham for the damage you decide resulted from NCA's violation of the FDCPA.

You should include each of the following items of damage to the extent you find that they have been sustained by Mr. Durham as a result of NCA's violation of the FDCPA: worry, stress, anxiety, humiliation, embarrassment, mental anguish, wasted time, and emotional distress.

You should also include each of the foregoing items of damage that you decide Mr. Durham is reasonably certain to sustain in the future.

If any item of damage is of a continuing nature, you must decide how long it may continue.

You must decide which, if any, of these items of damage has been proved by Mr. Durham based upon evidence and not upon speculation, guess, or conjecture.

Mr. Durham does not have to call a physician or other treatment provider in order to prove damages of the sort mentioned earlier. However, you may consider whether Mr. Durham consulted with a physician or other treatment provider in deciding how much weight, if any, to give to his testimony that he suffered damage.

Mr. Durham must prove that any damages incurred were caused by acts or omissions of NCA that violated the FDCPA. Even if you find Mr. Durham was damaged, if you find that the damage was not the result of NCA's violation of the FDCPA, you must not include that damage in your verdict.

18

### Jury Instruction No. 17
**Actual Damages Under the FDCPA (continued)**

When a defendant's violation causes an injury to a plaintiff, the defendant is liable for the resulting damage to the plaintiff, even though the plaintiff had a preexisting condition that made him more susceptible to injury or made the consequences to him more severe.

A defendant is liable for any injury it causes, no matter how unforeseeable, once it inflicts harm.

### Jury Instruction No. 18
### Actual Damages under the FDCPA (continued)—Mitigation

Mr. Durham has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

NCA has the burden of proving by a preponderance of the evidence:

(1) First, that Mr. Durham failed to use reasonable efforts to mitigate damages; and

(2) Second, the amount by which damages would have been mitigated.

<u>**Jury Instruction No. 19**</u>
**Statutory Damages under the FDCPA**

In addition to actual damages, and regardless of whether actual damages are awarded, you may award statutory damages for violations of the FDCPA in an amount not to exceed $1,000.

In determining the amount of damages to be awarded, you shall consider, among any other factor you find relevant, the frequency and persistence of noncompliance by NCA, the nature of such noncompliance, and the extent to which noncompliance was intentional.

### III.   FAIR CREDIT REPORTING ACT

**Jury Instruction No. 20**
**Elements of FCRA Claim**

In addition to his FDCPA claim, Mr. Durham claims that NCA violated the Fair Credit Reporting Act, which I will refer to in these instructions as the "FCRA."  To prevail on his FCRA claim, Mr. Durham must prove the following elements by a preponderance of the evidence:

(1) Mr. Durham provided notice to a consumer reporting agency of a dispute with regard to the completeness or accuracy of information provided by NCA to the consumer reporting agency;

(2) NCA received notice of Mr. Durham's dispute from the consumer reporting agency which included all relevant information regarding the dispute that the consumer reporting agency had received from the consumer; and

(3) after receiving the notice of Mr. Durham's dispute from the consumer reporting agency, NCA violated the FCRA by negligently or willfully failing to

(a) conduct a reasonable investigation of the disputed information,

(b) review all relevant information provided by the consumer reporting agency,

(c) report the results of NCA's investigation to the consumer reporting agency, or

(d) otherwise comply with additional requirements of the FCRA, about which I will instruct you later.

22

## Jury Instruction No. 21
### First, Second, and Third Elements—Consumer Reporting Agency

As you have heard, the term "consumer reporting agency" appears in each of the elements of Mr. Durham's FCRA claim. A "consumer reporting agency," as used in the FCRA, is any company that regularly engages in the practice of assembling or evaluating consumer credit information.

In this case, the parties have stipulated that Equifax, Experian and Trans Union are each a "consumer reporting agency."

## <u>Jury Instruction No. 22</u>
### First Element—Notice to Consumer Reporting Agency

As I instructed you earlier, the first element Mr. Durham must prove is that he provided notice to a consumer reporting agency of a dispute with regard to the completeness or accuracy of information provided by NCA to the consumer reporting agency.

At this trial, you have heard evidence that at different times, Mr. Durham informed Experian, a consumer reporting agency, that a $470.56 debt incurred through an online payday loan provider was not his and that he was the victim of identity theft.

It is for you to decide whether and to what extent to credit this evidence. But you can consider this evidence in deciding whether Mr. Durham has proved the first element of his FCRA claim.

## Jury Instruction No. 23
### Second Element—Notice to NCA

As I instructed you earlier, the second element Mr. Durham must prove is that NCA received notice of Mr. Durham's dispute from the consumer reporting agency which included all relevant information regarding the dispute that the consumer reporting agency had received from the consumer.

At this trial, you have heard evidence that Experian sent seven automated credit dispute verifications, or "ACDVs," to NCA concerning Mr. Durham's dispute: the first on February 7, 2023; the second on February 13, 2023; the third on February 16, 2023; the fourth on February 20, 2023; the fifth on February 23, 2023; the sixth on March 15, 2023; and the seventh on April 18, 2023.

It is for you to decide whether and to what extent to credit this evidence. But you can consider this evidence in deciding whether Mr. Durham has proved the second element of his FCRA claim.

## Jury Instruction No. 24
### Third Element—Overview

As I instructed you earlier, the third element Mr. Durham must prove is that after receiving the notice of Mr. Durham's dispute from the consumer reporting agency, NCA violated the FCRA by negligently or willfully failing to do at least one of the following things required by the FCRA:

(a) conduct a reasonable investigation of the disputed information,

(b) review all relevant information provided by the consumer reporting agency,

(c) report the results of NCA's investigation to the consumer reporting agency, or

(d) otherwise comply with the additional requirements of the FCRA, about which I will instruct you later.

I will first provide you with more detailed instructions on the first and fourth of these FCRA requirements, and then I will provide you with instructions on what constitutes negligence and willfulness.

**Jury Instruction No. 25**
**Third Element (continued)—Reasonable Investigation of Disputed Information**

One of the ways in which Mr. Durham might prove the third element is by proving that NCA negligently or willfully failed to conduct an investigation of the disputed information.

Under the FCRA, NCA's duty to investigate disputed information is only triggered when a consumer reporting agency provides an ACDV or otherwise communicates information notifying NCA of a consumer dispute. As I mentioned before, you have heard evidence of seven different ACDVs that Experian sent to NCA. In considering whether NCA failed to conduct a required investigation, you should only consider whether Mr. Durham has proved that NCA failed to conduct an investigation into disputed information in or accompanying the third, fourth, fifth, and/or sixth of Experian's ACDVs. NCA's investigation of, or failure to investigate, the first, second, and seventh ACDVs is not at issue in this trial.

No other external information can trigger NCA's duty to investigate disputed information. So, for example, although you have heard evidence that Mr. Durham made phone calls directly to NCA, those phone calls cannot trigger NCA's duty to conduct an investigation of disputed information. In considering whether NCA failed to conduct a required investigation, you should only concern yourselves with NCA's response to the third, fourth, fifth, and sixth of Experian's ACDVs.

If you find that NCA's duty to investigate has been triggered by the third, fourth, fifth, and/or sixth of Experian's ACDVs, then the question you must decide is whether NCA conducted an investigation of disputed information in or accompanying those ACDVs that was at least reasonable and non-cursory.

Whether any investigation NCA undertook was reasonable depends on the quality and nature of the information and allegations provided by the consumer reporting agency to NCA. Less needs to be done to conduct a reasonable investigation, for example, when a consumer reporting agency has provided scant information to carry out an investigation. On the flipside, more must be done to conduct a reasonable investigation when a consumer reporting agency has provided detailed information concerning a dispute. It is for you the jury to determine the quality and nature of the information provided by the consumer reporting agencies to NCA.

27

An investigation is not necessarily unreasonable merely because it results in a substantive conclusion unfavorable to the consumer or because that conclusion turns out to be inaccurate, solong as the investigation itself is reasonable.

## Jury Instruction No. 26
### Third Element (continued)— Additional Requirements of the FCRA

Another of the ways in which Mr. Durham might prove the third element is by proving that NCA negligently or willfully failed to otherwise comply with additional requirements of the FCRA.

In considering whether Mr. Durham has proved the third element of his FCRA claim in this way, you should consider the following two additional requirements of the FCRA.

First, if NCA's investigation of disputed information in or accompanying the third, fourth, fifth, and/or sixth of Experian's ACDVs found that information was incomplete or inaccurate, then NCA was required to report those results to all other consumer reporting agencies to which NCA had provided the information.

Second, if an item of disputed information in or accompanying the third, fourth, fifth, and/or sixth of Experian's ACDVs was found to be inaccurate or incomplete or could not be verified after NCA conducted an investigation, NCA was required to (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information.

It is for you to decide whether, under the facts of this case as you find them, NCA was required to take any of the steps described above or whether NCA failed to take any required steps.

## <u>Jury Instruction No. 27</u>
### Third Element (continued)—Negligence

Unlike the FDCPA, the FCRA does not impose strict liability.  This means that if you find that NCA failed to do one of the things it was required to do under the FCRA, you should next determine whether Mr. Durham has proved that NCA was negligent in failing to do so.

Negligence is failing to do something that a reasonably prudent furnisher would do, or doing something that a reasonably prudent furnisher would not do, under the circumstances.

## Jury Instruction No. 28
### Third Element (continued)—Willfulness

If you find that NCA was at least negligent in failing to do one of the things it was required to do under the FCRA, you should next determine whether Mr. Durham has proved that NCA was willful in failing to do so.

An act is done willfully if it is done knowing that it will violate the FCRA or with a reckless disregard of a statutory duty under the FCRA.

"Reckless disregard" means an action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.

## Jury Instruction No. 29
### Actual Damages under the FCRA

If you find that Mr. Durham has proved the three elements of his FCRA claim (including that NCA was at least negligent in violation a requirement of the FCRA), then your duty is to determine the amount of money that reasonably, fairly, and adequately compensates him for the damage you decide resulted from NCA's failure to comply with the FCRA.

Mr. Durham has the burden of proving by a preponderance of the evidence the amount of any such damages.

You should include each of the following items of damage to the extent you find that they have been sustained by Mr. Durham as a result of NCA's noncompliance with the FCRA:  worry, stress, anxiety, humiliation, embarrassment, mental anguish, wasted time, and emotional distress.

You should also include each of the foregoing items of damage that you decide Mr. Durham is reasonably certain to sustain in the future.

If any item of damage is of a continuing nature, you must decide how long it may continue.

You must decide which, if any, of these items of damage has been proved by Mr. Durham based upon evidence and not upon speculation, guess or conjecture.  The amount of money to be awarded for certain of these items of damage, such as mental anguish, cannot be proved in a precise dollar amount.  The law leaves such amount to your sound judgment.

Mr. Durham does not have to call a physician or other treatment provider in order to prove damages of the sort mentioned earlier. However, you may consider whether Mr. Durham consulted with a physician or other treatment provider in deciding how much weight, if any, to give to his testimony that he suffered damage.

Mr. Durham must prove that any damages incurred were caused by acts or omissions of Defendant that were not in compliance with the FCRA.  Even if you find Mr. Durham was damaged, if you find that the damage was not the result of NCA's noncompliance with the FCRA, you must not include that damage in your verdict.

### Jury Instruction No. 30
**Actual Damages Under the FCRA (continued)**

When a defendant's violation causes an injury to a plaintiff, the defendant is liable for the resulting damage to the plaintiff, even though the plaintiff had a preexisting condition that made him more susceptible to injury or made the consequences to him more severe.

A defendant is liable for any injury it causes, no matter how unforeseeable, once it inflicts harm.

### Jury Instruction No. 31
**Actual Damages under the FCRA (continued)—Mitigation**

Mr. Durham has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

NCA has the burden of proving by a preponderance of the evidence:

(1) First, that Mr. Durham failed to use reasonable efforts to mitigate damages; and

(2) Second, the amount by which damages would have been mitigated.

## Jury Instruction No. 32
### Punitive Damages under the FCRA

If you find that Mr. Durham has proved that NCA willfully violated the FCRA, you may, but are not required to, award punitive damages. Any punitive damage award will be in addition to any award of actual damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Mr. Durham has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

In considering whether punitive damages are appropriate, you may consider whether a defendant's conduct that harmed the plaintiff was in reckless disregard of rights under the FCRA, malicious, or oppressive. Conduct is in reckless disregard of rights under the FCRA if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate plaintiff's rights under the FCRA. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

## IV. DELIBERATIONS
### [Read After Closing Arguments]

Members of the Jury:

Now that you have heard the closing arguments of counsel, I'm certain that you are eager to begin your deliberations. Before those deliberations begin, I have just a few more instructions to give you.

### <u>Jury Instruction No. 33</u>
### Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your foreperson. The foreperson will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### Jury Instruction No. 34
### Consideration of Evidence–Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" (formerly known as Twitter), Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair

trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

### Jury Instruction No. 35
### Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**<u>Jury Instruction No. 36</u>**
**Return of Verdict**

A verdict form has been prepared for you.  I will now explain the verdict form.

[*explain verdict form*]

After you have agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

40

**Jury Instruction No. 37 [if needed]**
**Deadlocked Jury**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case.  I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience.  Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors.  During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong.  However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence.  All of you share an equal desire to arrive at a verdict.  Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole.  You should not single out any part of any instruction, including this one, and ignore others.  They are all equally important.

You may now return to the jury room and continue your deliberations.

41

### Jury Instruction No. 38
**Post-Discharge Instruction**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.